# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SUSAN J. SUTTON,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0385**  (BOR Appeal No. 2049891)
                    (Claim No. 2014010303)

**SUMMERSVILLE MEMORIAL HOSPITAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Susan J. Sutton, by John Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Summersville Memorial Hospital, by Marion Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 2, 2015, in which the Board affirmed an October 3, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 1, 2013, decision rejecting Ms. Sutton's application for workers' compensation benefits due to a determination that she had not been injured in the course of and as a result of her employment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 25, 2013, Ms. Sutton sustained a fall during her regularly scheduled shift as a licensed practical nurse at Summersville Memorial Hospital. There were no witnesses to the incident; however, she was discovered almost immediately by a coworker and was transported to Summersville Regional Medical Center's emergency department. Treatment notes from Summersville Regional Medical Center's emergency department dated September 25, 2013, indicate that Ms. Sutton reported "getting dizzy" and falling. She was diagnosed with a fractured

1

right patella and a fractured left humerus. Also on September 25, 2013, Nancy McKinley, M.D., performed an orthopedic consultation. She confirmed the diagnoses made in the emergency department and noted that Ms. Sutton reported that she injured herself when she suddenly found herself falling. An incident report was completed by Summersville Memorial Hospital on the date of injury, which indicated that Ms. Sutton was found face-down in a patient's room. The incident report further indicates that Ms. Sutton reported feeling pain all over her body and a sensation that she was going to pass out. The claims administrator's first report documenting the injury indicated that Ms. Sutton was injured on September 25, 2013, when she fainted. On October 1, 2013, the claims administrator rejected Ms. Sutton's application for workers' compensation benefits based upon a finding that she was not injured in the course of and resulting from her employment.

On March 12, 2014, Prasadarao Mukkamala, M.D., performed a records review. He opined that Ms. Sutton's medical record indicates that she did not sustain a work-related injury on September 25, 2013, but rather fell after being overcome with dizziness. On June 5, 2014, Ms. Sutton testified in a hearing before the Office of Judges. She stated that on September 25, 2013, she fell after becoming entangled in a length of intravenous tubing. Ms. Sutton further stated that any medical records stating that she fell after experiencing dizziness are inaccurate. Finally, Ms. Sutton testified that she has had no prior problems with dizziness and has never fainted.

In its Order affirming the October 1, 2013, claims administrator's decision, the Office of Judges held that the evidence of record establishes that although Ms. Sutton was injured on September 25, 2013, on her employer's premises, the injury did not occur as a result of her employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated April 2, 2015. On appeal, Ms. Sutton asserts that the evidence of record clearly demonstrates that she sustained a personal injury in the course of and resulting from her employment.

The Office of Judges pointed out that it is undisputed that Ms. Sutton was injured at Summersville Memorial Hospital on September 25, 2013, when she fell. However, the Office of Judges found that Ms. Sutton's testimony regarding the circumstances of the September 25, 2013, incident is in direct conflict with the medical records contemporaneous with the event. The Office of Judges determined that none of the medical reports of record indicate that Ms. Sutton fell as a result of tripping over intravenous tubing, as she alleged in her testimony before the Office of Judges. Further, the Office of Judges found that although Ms. Sutton testified that she had no prior episodes of dizziness or fainting, her medical record reveals that she was referred for a neurological consultation in 2006 after reporting multiple episodes of dizziness and near-fainting. The Office of Judges then concluded that the evidence of record demonstrates that Ms. Sutton's injury is unrelated to her employment given her past history and her testimony, which directly conflicts with the representations made by her emergency care providers. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3